**ROUSE HENDRICKS GERMAN MAY PC**
Brandon J.B. Boulware (*pro hac forthcoming*)
Catherine Singer (State Bar No. 273947, *pro hac forthcoming*)
1201 Walnut Street, 20th Floor
Kansas City, MO  64106
Telephone:  (816) 471-7700
Facsimile:  (816) 471-2221
Email: Catherines@rhgm.com

**MORRIS POLICH & PURDY LLP**
David J. Vendler, Esq., Bar No. 146528
Litsa Georgantopoulos, Esq., Bar No. 238288
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone:  (213) 417-5122
Facsimile:  (213) 488-1178
Email: dvendler@mpplaw.com
Email: lgeorge@mpplaw.com

Attorneys for Defendant,
**SPEEDY CASH**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WILLMSCHEN.<br><br>                    Plaintiff,<br><br>vs.<br><br>SPEEDY CASH,<br><br>                    Defendant. | Case No.<br><br>**DECLARATION OF LITSA GEORGANTOPOULOS IN SUPPORT OF DEFENDANT SPEEDY CASH'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) [FEDERAL QUESTION JURISDICTION]** |

I, Litsa Georgantopoulos, declare:

1.      I am an attorney at law duly admitted to practice law in the State of California and admitted to practice in the United States District Court for the Eastern District of California.  I am an associate with the law firm of Morris Polich & Purdy, LLP, attorneys of record for Defendant Speedy Cash ("Speedy

1

Cash" or "Defendant").  I have personal firsthand knowledge of the facts stated in this declaration.  If called to testify, I could and would competently testify to each and every one.  I make this declaration in support of Speedy Cash's Notice of Removal of Action pursuant to 28 U.S.C. section 1441 (federal question jurisdiction).

2.      Speedy Cash received notice of Plaintiff's Complaint on July 28, 2015.

3.      Speedy Cash has not filed an answer to Plaintiff's Complaint.  There are no other motion or proceedings are pending in state court.

4.      Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff Keith Willmschen's Complaint for violation of the Rosenthal Fair Debt Collection Practices Act and violation of the Telephone Consumer Protection Act filed on June 26, 2015 in the Superior Court of California, County of Solano for Limited Jurisdiction.

5.      Attached collectively hereto as Exhibit "B" are true and correct copies of the remaining file from the California Superior Court, County of Solano for Limited Jurisdiction related to this case including the Summons, Civil Case Cover Sheet, and Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.

I declare under penalty of perjury under the laws of the United States of America and the laws of the State of California that the foregoing statements are true and correct.


Executed August 25, 2015, at Los Angeles, California.



_/s/ Litsa Georgantopoulos_____
Litsa Georgantopoulos, Declarant

2

**DECLARATION OF LITSA GEORGANTOPOULOS IN SUPPORT OF DEFENDANT SPEEDY CASH'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) [FEDERAL QUESTION JURISDICTION]**

# EXHIBIT "A"

COPY

ENDORSED FILED ?: 5̄ʊ
Clerk of the Superior Court

JUL 2 8 2015

JUN 2 6 2015

By_____ J. WOOD
       DEPUTY CLERK

BY FAX

1  Todd M. Friedman (216752)
2  Suren N. Weerasuriya (278521)
   Adrian R. Bacon (280332)
3  Law Offices of Todd M. Friedman, P.C.
   324 S. Beverly Dr. #725
4  Beverly Hills, CA 90212
5  Phone: 877-206-4741
   Fax: 866-633-0228
6  tfriedman@attorneysforconsumers.com
   sweerasuriya@attorneysforconsumers.com
7  abacon@attorneysforconsumers.com
8  Attorney for Plaintiff

9

      SUPERIOR COURT OF THE STATE OF CALIFORNIA
10           FOR THE COUNTY OF SOLANO
               LIMITED JURISDICTION
11

12                     )  Case No.    **F C M 1 4 6 3 5 8**
                    )
13                     )
                    )
14 KEITH WILLMSCHEN,        )  (Amount not to exceed $10,000)
                    )
15 Plaintiff,              )    1.  Violation of Rosenthal Fair Debt
                    )       Collection Practices Act
16      vs.              )    2.  Violation of Telephone Consumer
                    )       Protection Act
17 SPEEDY CASH,            )
                    )
18 Defendant.             )
                    )
19                     )   ASSIGNED TO
20 _____)   JUDGE *Kinnicutt*
                        FOR ALL PURPOSES
21

22                  I. INTRODUCTION

23     1. This is an action for damages brought by an individual consumer for Defendant's

24 violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

25 (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive,

26 and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

27 Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.*

28 (hereinafter "TCPA").

Complaint - 1

## II. PARTIES

2.     Plaintiff, KEITH WILLMSCHEN ("Plaintiff"), is a natural person residing in Solano County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, Speedy Cash ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).   Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5.     On or around February 4, 2015, Defendant began contacting Plaintiff concerning an alleged debt owed.

6.     Defendant called Plaintiff on Plaintiff's cellular telephone number ending in - 8393.

7.     Defendant routinely called from telephone number (800) 856-2911.

8.     Defendant placed a barrage of calls to Plaintiff.  Defendant placed calls to Plaintiff with enough regularity and frequency to constitute harassment under the circumstances.

9. Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

10. Prior to being contacted via an "automatic telephone dialing system," Plaintiff had revoked any and all consent to be contacted via an "automatic telephone dialing system."

11. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(4)*.

12. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

13. On or around April 6, 2015, informed Defendant that Plaintiff had obtained counsel, and to cease calling.

14. Furthermore, on or around April 6, 2015, Plaintiff revoked any and all consent to be contacted via an "automated telephone dialing system."

15. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d))

b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)) and

e) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1)).

17.    Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18.    As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19.    Plaintiff reincorporates by reference all of the preceding paragraphs.

20.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Actual damages;

B.   Statutory damages for willful and negligent violations;

C.   Costs and reasonable attorney's fees;

D.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

21.   Plaintiff incorporates by reference all of the preceding paragraphs.

22.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

23.   As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

24.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

25.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

26.   Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

C. Any and all other relief that the Court deems just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 22 day of June, 2014.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 6

# EXHIBIT "B"





COPY

| | SUM-100 |
|---|---|

## SUMMONS  **BY FAX**
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SPEEDY CASH

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEITH WILLMSCHEN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of Solano County <br><br> 580 Texas Street <br> Fairfield, CA 94533 | **CASE NUMBER:** <br> *(Número del Caso):* **FCM 146358** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE: *(Fecha)* | JUN 26 2015 | Clerk, by *(Secretario)* | J. WOOD | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

# COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
TELEPHONE NO: 877-206-4741    FAX NO: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, Keith Willmschen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Solano
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield 94533
BRANCH NAME: Old Solano Courthouse

**ENDORSED FILED**
Clerk of the Superior Court

JUN 26 2015

J. WOOD

By _____
DEPUTY CLERK

CASE NAME:
Keith Willmschen v. Speedy Cash

CASE NUMBER: FCM146358

| CIVIL CASE COVER SHEET | | Complex Case Designation | | JUDGE: |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 22, 2015
Todd M. Friedman
_____          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

### CIVIL DIVISION

| Hall of Justice | Old Solano Courthouse | Solano Justice Center |
|---|---|---|
| 600 Union Avenue | 580 Texas Street | 321 Tuolumne Street |
| Fairfield, CA 94533 | Fairfield, CA 94533 | Vallejo, CA 94590 |
| (707) 207-7330 | (707) 207-7330 | (707) 561-7830 |

Plaintiff(s):   WILLMSCHEN, KEITH

Defendant(s):   SPEEDY CASH

Case No. FCM 146358

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES**

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN
CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:

Date: 10/20/15                              Time: 9:30 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:

Judge Harry S. Kinnicutt, Department 3

ALL HEARINGS WILL BE HELD AT: 600 Union Avenue, Fairfield, California 94533

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management
Conference One and any Case Management Conference Two set by the court are as follows:

(1)   Service of the complaint must be within sixty (60) calendar days of the date of filing.

(2)   Service and filing of responsive pleading must be within thirty (30) days after service of the complaint.
      The time for filing responsive pleading may not be extended except as authorized by Government Code
      section 68616. *Appearance at the Case Management Conference does not excuse a litigant from
      the requirement of filing and serving a responsive pleading within this deadline.*

(3)   Plaintiff shall serve a copy of this *Notice of Case Management Conference One* on all defendants with
      the complaint.

(4)   Any party serving a cross-complaint shall serve a copy of this *Notice of Case Management Conference
      One* on each cross-defendant with the cross-complaint.

(5)   Any cross-complaint served after Case Management Conference One has been held shall have a *Notice
      of Case Management Conference Two* served with it.

(6)   A *Case Management Statement* shall be filed with the court and served on all parties by each counsel
      by the 15th calendar day before the date set for Case Management Conference One.

(7)   At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00
      on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

(8)  At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the *Case Management Statement* for Case Management Conference Two.

(9)  Each counsel shall complete, file, and serve on all parties a completed *Case Management Statement* by the 15th calendar day before the date set for Case Management Conference Two.

(10)  At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case.  This applies equally to both attorneys of record and specially-appearing counsel.

(11)  The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a *Case Management Statement* is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> **COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION.**

### AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☑  I personally served the person named below on (*date*): _____ **JUN 26 2015** _____ at

(*time*) _____

Name: _____ JOAQUIA FONTENOT, STURDEE LEGAL _____

☐ Party        ☐ Attorney of Record        ☑ Representative

---

I, ___JOAQUIA FONTENOT, STURDEE LEGAL___ , acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*

Date: ___JUN 26 2015___

Signature _____

---

☐  I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date:                          Clerk of the Court
                               Superior Court of California, County of Solano
       **JUN 26 2015**
                               By: _____ **J. WOOD** _____
                                          Deputy Clerk

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**